### No. 421

### BUCYRUS PROVIDENT CO. v. KNAPPEN-BERGER

No. 19020. Supreme Court

On motion to certify. Dock. Mar. 16, 1925; 3 Abs. 184.

303. CONVERSION—Has conversion taken place by company when sheriff levys attachment on chattels which are in its custody?

475. ESTOPPEL—Can sheriff plead, he bringing action in his own name?

This action originated in the Crawford Common Pleas being an action instituted by E. J. Knappenberger against the Bucyrus Provident Co. alleging conversion on the part of the Company of six automobiles on which he claimed he had an attachment levied as sheriff in the case of Assenheimer v. Lewis. In the last named case, Lewis was the maker on a $4500 note payable to Assenheimer and secured by twelve automobiles. Assenheimer applied for an order of attachment to issue under 11869 and 11870 GC., providing for course to be taken before the debt is due upon which the action is based. Judgment in that case was in favor of the order, and Knappenberger proceeded to levy on the chattels involved which were in possession of the Company. The original suit above mentioned was brought.

The Company claimed that Knappenberger at no time, in the petition, mentioned the property as belonging to Lewis. Knappenberger in his petition set forth that the Company had loaned money to Lewis for which it received receipts, the "indicia of ownership" being in Lewis. He also averred that he had "left" the machine in the custody of the Company, as his servant, bailee and agent for safe keeping and, upon demand of the automobiles, said company refused to deliver

them to him and converted said automobiles to its own use. The Common Pleas rendered a judgment on the verdict in favor of Knappenberger for $5982.92 This judgment was affirmed by the Court of Appeals on error proceedings.

On the motion to certify the Company contends that, (1) Knappenberger prays that it be estopped to claim automobile or any part gage is asked. (2) Estoppel can be plead only by the injured party or his privies. (3) If there ever was an agreement of the machine in question they were abandoned by leaving them in the custody of the Company, where the cars were, when the sheriff claims he attached them, without requiring bond as required by 11827 GC. (4) The lower court erred in charging the jury by failing to make the special written charges of the Company's and failure to charge that Knappenberger must prove Lewis owned the cars.

Attorneys—O. W. Kennedy and Benjamin Meck for Compan; L. C. Feighner for Knappenberger; all of Bucyrus.